# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JEFFREY WOJCIK, an individual, on behalf of himself and all others similarly situated | )<br>)<br>) |
| Plaintiff, | ) Case No. 2013-cv-3766<br>)<br>) |
| v. | ) Case No. 8:12-cv-02414-SDM-TBM<br>)<br>) Pending in the Middle District of |
| BUFFALO BILLS, INC., a New York corporation | ) Florida<br>)<br>) |
| Defendant. | ) |

## NON-PARTY CHARLES CASSELL'S MOTION TO QUASH SUBPOENAS

Non-Party, Charles "Charley" Cassell ("Cassell"), by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 45, hereby moves to quash the Subpoenas to Testify at Deposition issued by Plaintiff Jeffrey Wojcik ("Wojcik") and Defendant Buffalo Bills, Inc. ("Buffalo Bills') state as follows:

### The Underlying Litigation

1. On October 25, 2012, Wojcik filed the underlying class action against Buffalo Bills in the Middle District of Florida. In that action Wojcik alleges Buffalo Bills violated that Telephone Consumer Protection Act by sending text messages to Wojcik and others in violation of the Act. A copy of the Class Action Complaint for Statutory Damages and Injunctive Relief under 47 U.S.C. § 227 *et seq.*, The Telephone Consumer Protection Act is attached hereto as Exhibit A.

### Motion to Quash the Non-Party Subpoena

2. Cassell, a non-party to this litigation, is Chief Financial Officer of Vibes Media, LLC and previously provided a declaration with regard to the underlying matter. A copy of the

Declaration of Charley Cassell, dated November 16, 2012, is attached hereto as Exhibit B. It is believed that the proposed depositions will relate to the matters referenced in the Cassell Declaration.

3. On May 2, 2013, Plaintiff, Wojcik, issued a subpoena to Cassell ("Plaintiff's Subpoena"). A copy of the Plaintiff's Subpoena is attached hereto as Exhibit C. The Plaintiff's Subpoena commands Cassell to appear and testify at deposition on May 22, 2013.

4. On May 16, 2013, Defendant, Buffalo Bills, also issued a subpoena to Cassell ("Defendant's Subpoena"). A copy of the Defendant's Subpoena is attached hereto as Exhibit D. Defendant's Subpoena commands Cassell to appear and testify at deposition on May 28, 2013.

5. Pursuant to Federal Rule of Civil Procedure 45, upon motion, "the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The reason for this is that "courts must limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit . . . ." *Last Atlantis, LLC v. AGS Specialist Partners*, 2013 U.S. Dist. LEXIS 7044 at *6-7.

6. In determining whether a subpoena recipient is being subjected to an undue burden, courts weigh a number of factors including, "the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request, and the burden imposed on the subpoenaed party." *Parker v. Four Seasons Hotels, Ltd.*, 2013 U.S. Dist. LEXIS 64044 at *21 (N.D. Ill. 2013). "In keeping with the text and purpose of Rule 45(c)(3)(A), it has been consistently held that 'non-party' status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Id.* Thus, courts "give special weight to unwanted burdens thrust upon non-parties when balancing competing needs. *Id.*

7. Here, Cassell, a non-party, is requested to give testimony on two different days regarding the same information in the same litigation. The sole reason this burden is placed upon Cassell is that counsel for Plaintiff and Defendant have refused to cooperate and concur on a mutually agreeable date on which both parties can take Cassell's deposition.

8. There is no benefit to any party, save perhaps a minor convenience to the parties' counsel, in requiring Cassell to be deposed twice in this matter. Because Cassell is a non-party to this litigation and because Plaintiff's Subpoena and Defendant's Subpoena impose an undue burden upon him with no corresponding benefit, the burden of this proposed discovery outweighs its benefit, and both Plaintiff's Subpoena and Defendant's Subpoena must be quashed or, alternatively, modified so that Cassell is only required to provide testimony at deposition on one date.

WHEREFORE, Charles Cassell, a non-party to this action, respectfully requests that this Court quash the subpoenas issued by Plaintiff and Defendant to him and for any further relief this Court deems just and proper.

> Respectfully submitted,
>
> **CHARLES CASSELL,**
>
> By:   /s/ Basileios Katris
>       One of Their Attorneys

George J. Spathis (ARDC No. 6204509)
Basileios Katris (ARDC No. 6243224)
**HORWOOD MARCUS & BERK CHARTERED**
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200

## **CERTIFICATE OF SERVICE**

The undersigned counsel of record hereby certifies that he caused a copy of the foregoing **NON-PARTY CHARLES CASSELL'S MOTION TO QUASH SUBPOENAS** has been filed electronically this May 21, 2013. Notice of this filing will be send to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

Scott D. Owens, Esq.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
scott@scottdowens.com

James Salvatore Giardina, Esq.
The Consumer Rights Law Group, PLLC
3104 W. Waters Ave, Suite 200
Tampa, FL 33614
james@consumerrightslawgroup.com

Jeffrey R. Reina, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
jreina@lglaw.com

Kenneth E. Webster, Esq.
Lipsitz Green Scime Cambria LLP
42 Delaware Ave., Suite 120
Buffalo, NY 14202
kwebster@lglaw.com

Janelle Alicia Weber, Esq.
Shutts & Bowen, LLP
4301 W. Boy Scout Blvd
Suite 300
Tampa, FL 33607
jweber@shutts.com

                                            /s/ Basileios Katris